# Court of Appeals
# of the State of Georgia

ATLANTA, September 11, 2012

*The Court of Appeals hereby passes the following order:*

## A12A1384. MAULDIN v. MAULDIN et al.

Russell and Elizabeth Mauldin married in 2001, their daughter, O. M., was born in February 2002, and they divorced in 2003. The 2003 divorce and custody agreement and its subsequent modification in 2005 awarded primary custody to the mother, with the father receiving visitation. In 2008, the father filed a petition seeking to modify the visitation and child support agreement. The paternal grandparents, Ronald Mauldin and Pat Mauldin, intervened as party defendants in May 2010, and the maternal grandparents, Bobby Lee Humble and Peggy Louise Humble, intervened as party defendants in July 2010. In August 2012, after reviewing a stipulated record, the trial court entered a 16-page final order awarding the paternal grandparents primary physical and legal custody of the child, with the father having joint legal custody of the child, and the mother receiving regularly scheduled visitation of the child. Proceeding pro se, the mother appeals from the trial court's final custody order.

In her first enumeration of error, the mother contends that the evidence was insufficient to warrant granting custody of the child to the paternal grandparents and the father. Specifically, the mother argues that the trial court should not have relied upon the portion of the custody evaluation of Dr. William Hillner discussing Parental Alienation Syndrome, and that the trial court did not give sufficient weight to a previous domestic violence episode involving the father.

In the present case, an evidentiary hearing was not held because the parties agreed that the trial court could issue an order based upon the stipulated records presented to the trial court including, inter alia, the guardian ad litem report, doctor's reports, school records, financial affidavits, child support worksheets, parenting

plans, and an interview with the child. The trial court's final order relied extensively upon these documents, but it appears that the documents themselves were not filed with the trial court and thus did not become part of the appellate record. Because of the incomplete state of the existing record, it is hereby ordered that the case be remanded to the trial court. It is further ordered that, upon the filing of the documents relied upon by the trial court in the Superior Court of Whitfield County, the Clerk of the Superior Court of Whitfield County shall transmit the balance of the record, including the documents relied upon by the trial court, to this Court for re-docketing in this Court.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* 09/11/2012
     *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
     *Witness my signature and the seal of said court* hereto affixed the day and year last above written.

 *, Clerk.*